a

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## MONROE DIVISION

| | |
|---|---|
| NECTIS DAMARI GOMEZ-LAWRENS,<br>Petitioner | CIVIL DOCKET NO. 3:25-CV-02133 SEC P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| PAMELA BONDI ET AL,<br>Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

### MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by Petitioner Nectis Damari Gomez-Lawrens ("Gomez-Lawrens"), an immigration detainee at Richwood Correctional Center in Richwood, Louisiana.  Gomez-Lawrens challenges the legality of her continued detention.

To determine whether Gomez-Lawrens is entitled to relief, the Government must supplement the Response.

I.    Background

Gomez-Lawrens is a native of Honduras who resided in El Salvador before entering the United States without inspection in November 2005.  The Department of Homeland Security initiated removal proceedings, and Gomez-Lawrens was released on supervision.  ECF No. 1 at 12.

1

In 2006, Gomez-Lawrens was ordered removed in absentia.  ECF No. 12-1 at 7.  In 2020, she filed a motion to reopen removal proceedings, which was denied.  ECF No. 12 at 11.

On an unspecified date in 2025, Gomez-Lawrens was detained, and her case was reopened.  On January 8, 2026, Gomez-Lawrens was ordered removed to Honduras.  ECF No. 12-1 at 18-21.  She appealed, but no briefing schedule has been issued yet.

During the 20 years that Gomez-Lawrens lived in the United States, she had two children, who were born in Washington, D.C., and are now ages 12 and 11.

## II.    Law and Analysis

Gomez-Lawrens's due process claim relating to the statutory interpretation of §§ 1225 and 1226 is foreclosed by *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), which was decided after the Petition and Response were filed.

However, the jurisprudence does not foreclose Gomez-Lawrens's constitutional claim.  *See Diallo v. Trump, et al.*, 1:25-cv-2012, ECF No. 73.  Gomez-Lawrens asserts that she "reported with DHS several times under an Order of Supervision, was enrolled in the CART program, and received Employment Authorization under the (c)(18) category," cannot be overlooked.  ECF No. 1 at 12.  The Petition and Response do not elaborate as to the nature of Gomez-Lawrens's release or when her release was revoked.  Nor does the record contain a copy of the release and revocation.

Therefore, IT IS ORDERED that within 14 days, the Government supplement its Response with a copy of the order releasing Gomez-Lawrens and the order revoking her release. Gomez-Lawrens will have seven days within which to reply.

SIGNED on Monday, April 27, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE